Kirkpatrick, C. J.
— The proceedings returned with this certiorari, are a mass of confusion. The best I can make of them is, that one David Whorl was bound as an apprentice to the defendant, Joseph Yunck; that one David Crawford, in behalf of Whorl, but in his own name, entered a complaint against Yunck, for the maltreatment of Whorl; that Cook, the justice to whom the complaint was made, under the act concerning apprentices and servants, called to his assistance two other justices, who, together upon hearing, discharged the apprentice, and gave judgment against Yuncle, to pay nine dollars and thirty cents of costs to one Robert Whorl, the apprentice’s father. Three dollars of [*] this sum tlie defendant Yunck paid — and Cook, the justice, issued execution against him for the residue.
To be relieved against this judgment for costs, is the object of this certiorari.
It has been said at the bar, that the party has mistaken his remedy; that he ought; to have taken an appeal to the sessions — that a certiorari will not lie.
This notion is founded on the 10th section of the act, which says, that no writ of certiorari or other process, shall issue or be issuable, to remove into the Supreme Court any proceedings had in pursuance of this act, &c. But the complaint here is, not that the justices have proceeded erroneously, or judged wrongly in the subject matter submitted to their cognizance by the act; it is because they have rendered judgment upon a matter not submitted to their cognizance at all; because they have exceeded their jurisdiction. Suppose they had proceeded to punish Yunck as a criminal, to fine or to imprison him: certainly the mere pretence that they proceeded under this act, would not prevent this Court from looking into the proceeding, and giving remedy. It is the duty of this Court to see that the inferior tribunals in no case exceed their jurisdiction; and that is to be done, in most instances, by certiorari only.
By the common law, there are no costs: — Till this day there are no costs, unless they are expressly given by statute. On proceedings of this kind, the statute has given none— and therefore, I think none can be adjudged. Here then is an excess of jurisdiction, a proceeding not in pursuance of *244 the act: And for this cause, in my opinion, the judgment for costs must be reversed and set aside.
Rossell, J.
— The whole of these proceedings were under colour of the act, called the apprentice act, The 10th section of which, prohibits any proceedings in [*] pursuance of that act, from being removed by certiorari. The party injured, sliould, in my opinion, have appealed to the General Quarter-Sessions.
Pennington, J.
— I am clearly of opinion with the Chief Justice: — The object of this certiorari is not to disturb any matter done by the justices below, in pursuance of the apprentice act, but to correct a proceeding wholly unauthorised by that act. The justices had no authority to adjudge costs; nor had justice Cook, on their judgment, an authority to issue execution, especially in favor of Robert Whorl, who was not a party before the justices. The proceedings of the justices, so far as they respect the controversy between the master and his apprentice (which is a proper subject of their jurisdiction) however erroneous they may be, are not touched by this decision.
Judgment as to costs, reversed; and the execution thereon ordered to be set aside, and rendered null.